UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **CARROLL WAYNE HAYNES #305815** | **CASE NO. 6:22-CV-00534** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **RALPH K LEE JR ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## ORDER

Before the Court are the following motions to dismiss:

- Rule 12(b)(6) Motion to Dismiss by Feliciana Forensic Facility (Rec. Doc. 16);

- Motion to Dismiss by M. Bofill Duhe, in his official capacity as District Attorney for the 16th Judicial District, and Ralph Lee, former Assistant District attorney for the 16th Judicial District (Rec. Doc. 18); and

- Motion to Dismiss by F.T. Friedberg (Rec. Doc. 23).

In response to Defendants' motions, Plaintiff requested an opportunity to amend the complaint. (Rec. Doc. 26-1; 27-1). Under Fed. R. Civ. P. 15, a court should freely give leave to amend a complaint when justice so requires. Therefore, a court "[g]enerally. . . should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff 'at least one chance to amend.'" *Hernandez v.*

*Ikon Office Solutions, Inc*., 306 F. App'x 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002). See also *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986) (noting that "[a] complaint sought to be dismissed under Rule 12(b)(6) may generally be amended to cure its deficiencies."). Indeed, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002). The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Norman v. Apache Corp*., 19 F.3d 1017, 1021 (5th Cir. 1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc*., 933 F.2d 314, 320 (5th Cir. 1991).

The Court finds that it would be inequitable to dismiss Plaintiff's complaint without allowing him an opportunity to remedy the issues raised in Defendants' motions. Accordingly,

IT IS ORDERED that Defendants' Motions to Dismiss (Rec. Doc. 16; Rec. Doc. 18; and Rec. Doc. 23) are DENIED WITHOUT PREJUDICE. Plaintiff may amend his complaint within fourteen (14) days of this order. Thereafter Defendants may re-urge their motions to dismiss if appropriate.

Signed at Lafayette, Louisiana on this 22nd day of May, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE