# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **CARROLL WAYNE HAYNES #305815** | **CASE NO. 6:22-CV-00534** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **RALPH K LEE JR ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court are following:

- Defendant F.T. Friedberg's Second Motion to Dismiss pursuant to Rule 12(b)(6). (Rec. Doc. 37). Plaintiff opposed the motion (Rec. Doc. 48).

- Feliciana Forensic Facility's Second Motion to Dismiss pursuant to Rule 12(b)(6). (Rec. Doc. 41). Plaintiff opposed the motion (Rec. Doc. 51), and Feliciana Forensic replied (Rec. Doc. 56).

- M. Bofill Duhe (in his official capacity as District Attorney for the 16th Judicial District) and Ralph K. Lee's (former assistant District Attorney for the 16th Judicial District, in his individual and official capacities) Motion to Dismiss (Rec. Doc. 49) (collectively at times "the DA Defendants"). Plaintiff opposed the motion (Rec. Doc. 59), and the DA Defendants replied (Rec. Doc. 63).

The motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that all motions be granted and that Plaintiff's claims against these defendants be dismissed.

## **Factual Background**

Carrol Wayne Haynes, an inmate with the Louisiana Department of Corrections, filed this suit in February 2022 under 42 U.S.C. §1983 and §1985 for alleged constitutional violations regarding sanity proceedings in state court more than thirty years ago. (Rec. Doc. 1). All defendants moved to dismiss Plaintiff's complaint. The Court granted Plaintiff's request to amend his claims to address the issues raised in the initial motions to dismiss. (Rec. Doc. 35). Plaintiff filed an amended complaint on June 4, 2023. (Rec. Doc. 29).

Plaintiff alleges that in 1989, he was indicted for second degree murder in Iberia Parish. (Rec. Doc. 29, ¶9). Pursuant to reports from two doctors on the sanity commission, Plaintiff alleges he was committed to the Feliciana Forensic Facility for examination and a determination of competency. (Rec. Doc. 29, ¶10-11). On January 29, 1990, Feliciana Forensic placed Plaintiff on an admission waiting list and advised that the facility was obliged to review Plaintiff's paperwork, including

court orders, medical documents, and rap sheet; however, Plaintiff alleges that both Feliciana Forensic and the Iberia Parish District Attorney failed to exchange the information necessary for admission. (Rec. Doc. 29, ¶12-17).

In a March 1990 letter, while Plaintiff was still on Feliciana Forensic's waiting list for in-patient evaluation, Feliciana Forensic admissions director Clay Calhoun advised the state district judge and the Iberia Parish district attorney of an outreach evaluation program whereby Dr. F.T. Friedberg would evaluate Plaintiff while incarcerated without the need for in-patient hospitalization. (Rec. Doc. 29, ¶18-20). Plaintiff contends this program violated the state district court's order regarding suspension of proceedings. (Rec. Doc. 29, ¶20-23).

Pursuant to the Feliciana Forensic outreach program, Dr. Friedberg evaluated Plaintiff on an outpatient basis and found him competent. (Rec. Doc. 29, ¶23-27). At Calhoun's alleged prompting, Plaintiff's sanity hearing re-convened in November 1990, and he was found competent to stand trial. (Rec. Doc. 29, ¶28-36). He was convicted and sentenced to life imprisonment in 1991. (Rec. Doc. 29, ¶37).

Plaintiff sought post-conviction relief on various issues after 1991. During that process and upon hiring new counsel in 2020 or 2021, he learned of new records and events of which he had no prior knowledge. (Rec. Doc. 29, ¶38).

Plaintiff sued the assistant district attorney prosecuting his case, Ralph Lee, Jr. ("ADA Lee"), Calhoun, Feliciana Forensics, and Dr. Friedberg for due process

3

and equal protection violations under the Fifth and Fourteenth Amendments. (Rec. Doc. 29, Claims I and II). He sued Bofill Duhe in his official capacity as the Iberia Parish District Attorney ("DA Duhe") for municipal liability based on his office's alleged policies or customs regarding assistant district attorneys and for "Brady Material liability." (Rec. Doc. 29, Claim III). He also sued Feliciana Forensic on a municipal liability claim based on its policies regarding the waiting list and obtaining essential records, as allegedly governed by a consent decree with the U.S. Department of Justice. (Rec. Doc. 29, Claim IV). Dr. Friedberg, Feliciana Forensic, DA Duhe, and ADA Lee moved to dismiss Plaintiff's amended complaint for failure to state claims.[1]

## Law and Analysis

### I. Law applicable to Rule 12(b)(6) motions to dismiss and documents considered.

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). However, conclusory

---

[1] At the time of this ruling, Calhoun had not been served.

allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atlantic v. Twombly*, 550 U.S. at 570.

5

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556).

Ordinarily, in ruling on a Rule 12(b)(6) motion, the Court is limited to the allegations of the complaint and any exhibits attached thereto; however, the court may also consider documents attached to the defendant's motion if they are referenced in the complaint and central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). The Court is also permitted to take judicial notice of public records as well as facts which are not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011). The Fifth Circuit has also sanctioned

6

consideration of certain documents which were attached to the plaintiff's opposition, where no party questioned the authenticity of the documents and the documents are sufficiently referenced in the complaint. *Walch v. Adjutant Gen.'s Dep't of Texas*, 533 F.3d 289, 294 (5th Cir. 2008).

With these precepts, the Court shall consider the First Amended Complaint and its attached exhibits (Rec. Doc. 29), the documents attached to the DA Defendants' motion to dismiss as items of public record (Rec. Doc. 49-2; -3; -4; -6), and the documents attached to Plaintiff's oppositions (Rec. Doc. 48-1; 51-; -2; 59-1). Multiple Defendants challenge Plaintiff's claims as barred by *Heck v. Humphrey* and as prescribed. The Court addresses these arguments first. Individual defendants also raise additional grounds for dismissal, which the Court addresses below.

## II. **Whether *Heck* bars Plaintiff's claims.**

All Defendants challenge Plaintiff's claims as barred by *Heck v. Humphrey*.[2] Under *Heck v. Humphrey,* 512 U.S. 477 (1994), a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that "violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on

---

[2] Dr. Friedberg did not explicitly assert a *Heck* challenge; however, Feliciana Forensic and the DA Defendants did, and Dr. Friedberg's motion (which incorporates his previously filed motion at Rec. Doc. 23) sufficiently invokes a *Heck* analysis.

7

direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008), quoting *Heck,* 512 U.S. at 486-87. Plaintiff's suit seeks damages due to alleged constitutional violations which occurred during the underlying criminal proceedings. A meritorious claim on any such violation necessarily calls the validity of his conviction into question. Plaintiff failed to allege any facts showing that his underlying conviction has been reversed. To the contrary, Plaintiff alleges that he pursued post-conviction remedies for years but offered no allegations showing that his attempts were successful. (Rec. Doc. 29, ¶37-38). The DA Defendants also submitted public records evidence of Plaintiff's various filings in the Louisiana state district and appellate courts, none of which reversed his conviction. (Rec. Doc. 59-3; -6). Hence, *Heck* bars his claims for constitutional violations.

### III. <u>Whether Plaintiff's claims are prescribed.</u>

All Defendants challenge Plaintiff's claims as prescribed. 42 U.S.C. §1983 does not contain a statute of limitations. Federal law looks to the applicable state law statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Specifically, the court is to apply the state's statute of limitations applicable to personal injury actions. *Id.*, citing *Owens v. Okure,* 488 U.S. 235, 249–250 (1989), and *Wilson v. Garcia,* 471 U.S. 261, 279–280 (1985). In Louisiana, the prescriptive period for personal

8

injury actions is one year. La. C.C. art. 3492. However, the accrual date for a §1983 cause of action is governed by federal law, rather than state law. *Wallace,* 549 U.S. at 388.

> Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. A plaintiff's awareness encompasses two elements: (1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions. A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required if the circumstances would lead a reasonable person to investigate further.

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (cleaned up).

The same analysis applies to §1985 claims. *Beckwith v. City of Houston*, 790 F. App'x 568, 575–76 (5th Cir. 2019), citing *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987)) ("[A]ny cause of action [under §1985] against the defendants accrued as soon as [the plaintiffs] knew or should have known of the overt acts involved in the alleged conspiracy.").

The key events underlying Plaintiff's claims are his competency hearing and its precipitating proceedings which, by his allegations, occurred between December 1989 and November 1990. (Rec. Doc. 29, ¶10-36). Although Plaintiff claims that he did not know of "the interaction and details of individuals involved in his prosecution" until March 2021, Plaintiff filed a Petition for Writ of Habeas Corpus in state court in March 2003 wherein he asserted many of the same facts made the

9

basis of this suit. (Rec. Doc. 49-4, p. 6-7). Other record evidence shows that Plaintiff has been attempting to obtain relief based on his belief that the sanity proceedings were improper for at least the past twenty years. (See e.g. Rec. Doc. 29-2, p. 11; 49-5). This evidence illustrates that Plaintiff has suspected a violation of some sort since at least 2003. This suit, filed in 2022, is far too late and should be dismissed as prescribed.

### IV.     Whether Plaintiff stated claims against Dr. Friedberg.

Plaintiff asserts claims against Dr. Friedberg for due process and equal protection violations under the Fifth and Fourteenth Amendments. (Rec. Doc. 29, ¶39). Relying on the *Rooker-Feldman* doctrine, Dr. Friedberg seeks dismissal on the grounds that Plaintiff is impermissibly attempting to attack the state court judgment finding him competent to stand trial. Dr. Friedberg otherwise argues Plaintiff failed to allege facts sufficient to state a claim against him.

The *Rooker–Feldman* doctrine "holds that inferior federal courts do not have the power to modify or reverse state court judgments." *Reitnauer v. Texas Exotic Feline Found., Inc.,* 152 F.3d 341, 343 (5th Cir.1998). The Fifth Circuit further summarized as follows:

> The Supreme Court has definitively established, in what has become known as the *Rooker–Feldman* doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the

> federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.

*Weekly*, 204 F.3d at 615 (cleaned up).

Dr. Friedberg argues Plaintiff's complaint is an attack on the state court's judgment finding him competent. The crux of Plaintiff's claims appears to be that he was denied the opportunity to be evaluated on an in-patient basis at Feliciana Forensic. One possible interpretation of his allegations is that the judgment of competency was erroneous because he was not properly evaluated. The *Rooker-Feldman* doctrine would therefore prohibit the Court from reviewing the state court's judgment of competency. Thus, to the extent Plaintiff seeks damages arising from the judgment of competency, his claims fail. The same holds true to the extent Plaintiff challenges the validity of his conviction.

### V. Whether Plaintiff stated claims against Feliciana Forensic.

Plaintiff's sole claim against Feliciana Forensic is for municipal liability under §1983 based on its alleged customs and policies regarding its waiting list and obtaining essential records. (Rec. Doc. 29, ¶42). Feliciana Forensic first argues Plaintiff's claims against it are barred by the Eleventh Amendment, which "bars citizens of a state from suing their own state or another state in federal court, unless the state has waived its sovereign immunity or Congress has expressly abrogated it. *Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citations omitted). Louisiana has expressly declined to waive its immunity under the Eleventh

11

Amendment. La.Rev.Stat. Ann. § 13:5106(A) provides that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court"). Feliciana Forensic is a state agency. See La. Stat. Ann. § 28:25.1. Hence, "a civil rights claim against the Feliciana Forensic Facility under 42 U.S.C. § 1983 is legally impossible." *Dupas v. Feliciana Forensic Facility*, No. CV 21-472-SDD-EWD, 2023 WL 2925174, at *2, fn. 17 (M.D. La. Mar. 17, 2023), *report and recommendation adopted,* No. CV 21-472-SDD-EWD, 2023 WL 2921330 (M.D. La. Apr. 12, 2023). Thus, Plaintiff's claims against Feliciana Forensic should be dismissed.

## VI. Whether Plaintiff has stated *Monell* claims.

Plaintiff asserts municipal liability claims against DA Duhe[3] and Feliciana Forensic (Claims III and IV). Because Feliciana Forensic lacks procedural capacity to be sued, the Court declines to address Plaintiff's municipal liability claims against it. Jurisprudence often refers to such claims as a *Monell* claim, as established by the Supreme Court in *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691, (1978). "[A] municipality, may not be held liable under § 1983 on a basis of vicarious liability." *Hicks-Fields v. Harris Cty., Texas*, 860 F.3d 803, 808 (5th Cir. 2017), citing *Monell*,

---

[3] Claims against a district attorney in his official capacity are, in effect claims against the municipality he represents, namely the district attorney's office. *Wearry v. Perrilloux*, 391 F. Supp. 3d 620, 625 (M.D. La. 2019).

12

436 U.S. at 691. Rather, a municipality may be liable where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id*.

"All [] inadequate supervision, failure to train, and policy, practice, or custom claims fail without an underlying constitutional violation." *Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013). Because the Court finds that Plaintiff's claims for constitutional violations fail, the Court must find that Plaintiff's *Monell* claims likewise fail as a matter of law. Nonetheless, assuming for purposes of the District Court's review that Plaintiff has asserted viable claims for constitutional violations, the Court further considers whether Plaintiff has asserted viable *Monell* claims.

"To establish municipal liability under §1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (citing *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001)). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Hicks-Fields v. Harris Cty., Texas*, 860 F.3d 803, 808–09 (5th Cir. 2017), citing *Connick v. Thompson*, 563 U.S. 51, 61 (2011). "While an unconstitutional official policy

renders a municipality culpable under § 1983, even a facially innocuous policy will support liability if it was promulgated with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result." *Piotrowski*, 237 F.3d at 579, citing *Bd. of Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 407 (1997). The plaintiff must specifically identify each policy which allegedly caused constitutional violations, so that the court can determine whether each one is facially constitutional or unconstitutional. *Id*. "[I]solated unconstitutional actions by municipal employees will almost never trigger liability." *Id*. at 578. Indeed, "the touchstone for establishing customary policy is a persistent and widespread practice." *Id*. at 581.

With regard to the third element, *Monell* plaintiffs must overcome a high threshold of proof by establishing "both the causal link ('moving force') and the City's degree of culpability ('deliberate indifference' to federally protected rights)." *Snyder v. Trepagnier,* 142 F.3d 791, 796 (5th Cir.1998), citing *Bryan County,* 520 U.S. at 410. "This requires showing either that the policy itself was unconstitutional or that it was adopted with deliberate indifference to the 'known or obvious fact that such constitutional violations would result.'" *Webb v. Town of Saint Joseph*, 925 F.3d 209, 219 (5th Cir. 2019) (citations omitted).

Plaintiff broadly alleges DA Duhe is liable for a policy or custom related to prosecutorial conduct, ethics, and professionalism regarding evidence in all cases,

14

Sanity Hearings, Brady Material…" (Rec. Doc. 29, p. 16 ¶41). Plaintiff's allegations are wholly conclusory and do not identify a specific policy or custom at issue or otherwise show how any alleged policy or custom caused or was connected to the individual Defendants' actions. The complaint lacks the specific allegations necessary to withstand scrutiny under Rule 12(b)(6). See e.g. *Spiller v. City of Texas City, Police Dep't,* 130 F.3d 162, 167 (5th Cir. 1997) (Plaintiff's Monell claims dismissed as allegations were "vague and conclusory."); *Lewis v. Horton*, No. CV 22-0195, 2023 WL 2725993, at *5 (W.D. La. Mar. 29, 2023) ("Lewis's conclusory legal assertions regarding SPD's use of force policy are insufficient to state a plausible claim for relief."). Thus, the Court finds that Plaintiff has not stated a *Monell* claim against DA Duhe for municipal liability.

### VII. Whether Plaintiff's claims against the DA Defendants are barred by absolute prosecutorial immunity.

As an additional grounds for dismissal, ADA Lee, in his individual capacity, argues he is protected by absolute prosecutorial immunity.[4] The Fifth Circuit

---

[4] "Absolute and qualified immunity protect only *individuals* from claims for *damages*; they do not bar official-capacity claims or claims for injunctive relief." *Singleton v. Cannizzaro*, 956 F.3d 773, 778 (5th Cir. 2020) (emphasis in original).

The DA Defendants rely upon Eleventh Amendment immunity to warrant dismissal of Plaintiff's official capacity claims; however, the Court declines to consider this argument where other grounds support dismissal of all claims against them. The Court notes, but does not explicitly find, that the DA Defendants are not likely protected by the Eleventh Amendment. See *Smith v. Williams*, No. CV 22-1550, 2023 WL 2263841, at *10 (E.D. La. Feb. 28, 2023), *motion to certify appeal denied,* No. CV 22-1550, 2023 WL 4079559 (E.D.

provided a sweeping overview of the limited absolute immunity afforded to prosecutors acting in their advocacy roles:

> The Supreme Court extended absolute immunity for § 1983 claims to state prosecutors in *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). In that case, a criminal defendant whose conviction had been overturned sued the prosecutor, several police officers, and a fingerprint expert, alleging a conspiracy among them unlawfully to charge and convict him. But the Court concluded that state prosecutors are absolutely immune from § 1983 damages claims based on activities intimately associated with the judicial phase of the criminal process. Thus, the Court held that a state prosecutor who acts within the scope of his duties in initiating and pursuing a criminal prosecution is absolutely immune from § 1983 claims for violating a "defendant's constitutional rights.

*Singleton v. Cannizzaro*, 956 F.3d 773, 779 (5th Cir. 2020) (internal quotes omitted).

In determining whether absolute immunity protects a state prosecutor, the court must determine whether the prosecutor acted in his capacity as an advocate for the state, in which case he is entitled to absolute immunity, or, rather, whether he acted in an investigatory or administrative function, in which case the qualified immunity standard applies. *Id.* at 779-82, citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993)). See also *Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003) (per curiam) and *Marrero v. City of Hialeah*, 625 F.2d 499, 507 (5th Cir. 1980).

---

La. June 20, 2023); *Morin v. Duhe,* No. 6:20-CV-00592, 2020 WL 7084951, at *6 (W.D. La. Nov. 2, 2020), *report and recommendation adopted,* No. 6:20-CV-00592, 2020 WL 7083435 (W.D. La. Dec. 3, 2020).

Plaintiff alleges that the DA Defendants are liable for their roles in his allegedly inadequate pretrial competency proceedings. The Court finds these roles are traditional functions of prosecutors as advocates on behalf of the state. Defendant's evaluation was completed (or not completed, as Plaintiff argues) pursuant to court order. The state court applied the applicable state criminal standard for competency, with ADA Lee advocating on behalf of the state. These activities "necessarily require legal knowledge and the exercise of related discretion" and are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344, 129 S. Ct. 855, 861-62, 172 L. Ed. 2d 706 (2009), citing *Imbler*, *supra*. As such, ADA Lee is protected by absolute immunity.

## Conclusion

For the foregoing reasons, the Court recommends that the following motions be GRANTED and that Plaintiff's claims against these defendants be DISMISSED WITH PREJUDICE:

- Defendant F.T. Friedberg's Second Motion to Dismiss pursuant to Rule 12(b)(6). (Rec. Doc. 37).

- Feliciana Forensic Facility's Second Motion to Dismiss pursuant to Rule 12(b)(6). (Rec. Doc. 41).

- M. Bofill Duhe (in his official capacity as District Attorney for the 16th Judicial District) and Ralph K. Lee's (former assistant District Attorney

for the 16th Judicial District, in his individual and official capacities) Motion to Dismiss (Rec. Doc. 49).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 25th day of August, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE