UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **CARROLL WAYNE HAYNES #305815** | **CASE NO. 6:22-CV-00534** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **RALPH K. LEE, JR., ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

## RULING

Before the Court are three motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed by Defendants F.T. Friedberg,[1] the Feliciana Forensic Facility,[2] and Ralph K. Lee, Jr. and M. Bofill Duhé.[3] On August 25, 2023, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the motions be granted and that all claims against the forgoing Defendants be dismissed with prejudice.[4] Plaintiff Carroll Wayne Haynes filed an objection to the R&R,[5] Defendants filed responses to the objection,[6] and Plaintiff has filed a reply.[7] Additionally, Defendants Lee and Duhé have requested leave to file a sur-reply.[8] Following a de novo review of the motions, and after consideration of the objection and the responses thereto, the Court ADOPTS IN PART and REJECTS IN PART the R&R, as follows:

- The Court adopts the "Factual Background" section and section I (applicable legal standard) of the R&R in their entirety;

- The Court adopts section II ("Whether *Heck* bars Plaintiff's claims") with regard to Dr. Friedberg only, as supplemented by this Ruling;

---

[1] ECF Nos. 37.
[2] ECF No. 41.
[3] ECF No. 49.
[4] ECF No. 64.
[5] ECF No. 66.
[6] ECF Nos. 67-69.
[7] ECF No. 75.
[8] ECF No. 76.

- The Court rejects section III ("Whether Plaintiff's claims are prescribed"), section IV ("Whether Plaintiff stated claims against Dr. Friedberg"), and section VI ("Whether Plaintiff has stated *Monell* claims");[9]

- The Court adopts section V ("Whether Plaintiff stated claims against Feliciana Forensic") and section VII (whether Plaintiff's claims against ADA Lee "are barred by absolute prosecutorial immunity"), as supplemented by this Ruling;

- The Court adopts the "Conclusion" section of the R&R subject to the following modifications: (1) the claims against Dr. Friedberg will be dismissed with prejudice to their being asserted again until the *Heck* conditions are met; and (2) the claim against Feliciana Forensic Facility will be dismissed without prejudice.

As set forth in the R&R, Plaintiff (an inmate in the custody of the State of Louisiana) brings this suit for monetary damages under 42 U.S.C. §§ 1983 and 1985 for alleged violations of his constitutional rights. Plaintiff's Amended Complaint sets forth the following claims:

**Claim I**: ADA Ralph K. Lee, Clay Calhoun, and Dr. F.T. Friedberg (individually and in their official capacities) "depriv[ed] plaintiff of a Fair Trial under the 6th and 14th Amendments, while denying plaintiff due process and equal protection of the law as one declared mentally incompetent to stand trial under Louisiana law, through the 5th and 14th Amendments to the United States Constitution. . . ."[10]

**Claim II**: Lee, Calhoun, and Friedberg conspired to deprive Plaintiff of his constitutional rights under the 5th, 6th and 14th Amendments.[11]

**Claim III**: M. Bofill "Bo" Duhé (in his official capacity as District Attorney for the 16th Judicial District, State of Louisiana), through lack of supervision and training of his subordinates, created a policy or custom that resulted in the deprivation of Plaintiff's rights under the 5th, 6th and 14th Amendments, as well as resulting in "depriving plaintiff of evidence (Brady Material) that was exculpatory to guilt or punishment, that is, evidence that plaintiff was never admitted to Feliciana Forensic Facility for evaluation and treatment where plaintiff was found mentally incompetent to stand trial . . . ."[12]

---

[9] Because the Court concludes that Plaintiff's claims must be dismissed due to prosecutorial immunity, sovereign immunity, and the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court does not reach Defendants' other arguments (*i.e.*, the statute of limitations, the *Rooker-Feldman* defense, and whether Plaintiff has adequately stated a claim for municipal liability), which are the subject of §§ III, IV, and VI of the R&R.

[10] ECF No. 29 at 14-15. Clay Calhoun (former Admissions Director of Feliciana Forensic Facility) was dismissed on September 1, 2023, for failure to prosecute. *See* ECF No. 65. Dr. F.T. Friedberg is a consulting psychologist for Feliciana Forensic Facility.

[11] *Id.* at 15.

[12] *Id.* at 16.

**Claim IV**: Feliciana Forensic Facility created a policy or custom which caused the deprivation of Plaintiff's rights under the 5th, 6th, and 14th Amendments.[13]

1. **Claim against Feliciana Forensic Facility**

As set forth in the R&R, Plaintiff's claim against Feliciana Forensic Facility is for "municipal liability" due to its alleged unconstitutional "customs and policies."[14] Feliciana Forensic Facility moves to dismiss the claim asserted against it pursuant to Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted) arguing, *inter alia*, the claim is "barred by both the Eleventh Amendment and the rule that states are not 'persons' under § 1983."[15] To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter" to "state a claim to relief that is plausible on its face."[16] To state a plausible claim for relief, "the claim must be made against a juridical entity that has the capacity to be sued and 'enjoy[s] a separate legal existence.'"[17] Under the Federal Rules of Civil Procedure, the capacity to sue or be sued of an entity which is neither an individual nor a corporation is determined by state law.[18] Louisiana state law recognizes two categories of persons: (1) the "natural person," which is a human being, and (2) the "juridical person," which is "an entity to which the law attributes personality, such as a corporation or a partnership."[19] The Louisiana Supreme Court has held that "[i]n the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal

---

[13] *Id.* at 16-17.
[14] *Id.* at 16, 17.
[15] ECF No. 41-1 at 15. Feliciana Forensic Facility additionally argues the claim is subject to dismissal pursuant to *Heck v. Humphrey*, and that the claim is barred by the statute of limitations. *Id.* at 15, 17.
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[17] *Edmiston v. Louisiana Small Bus. Dev. Ctr.*, 931 F.3d 403, 406 (5th Cir. 2019) (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)).
[18] Fed. R. Civ. P. 17(b)(3).
[19] La. Civ. Code art. 24.

capacity to function independently and not just as the agency or division of another governmental entity."[20]

While not addressed by the parties, Feliciana Forensic Facility is not a juridical entity capable of being sued. Nothing in the statutory law or jurisprudence indicates Feliciana Forensic Facility has the legal capacity to function independently. Rather, Feliciana Forensic Facility is a "facility" within the Louisiana Department of Health.[21] The Louisiana Department of Health is a department of the executive branch of the State of Louisiana "with the power to sue and be sued."[22] The Louisiana Department of Health is an alter ego of the state and is therefore immune from suit in federal court pursuant to the Eleventh Amendment.[23] In this matter, substitution of the real party in interest would be futile as Plaintiff's claim is barred by the Eleventh Amendment. Accordingly, Plaintiff's claim against Feliciana Forensic Facility will be dismissed without prejudice.[24]

**2.   Claims against ADA Lee and DA Duhé**

The Court agrees with and adopts the Magistrate Judge's findings in section VII of the R&R—*i.e.*, that ADA Lee is entitled to absolute immunity from Plaintiff's claims because the conduct alleged against him occurred in his role as an advocate in the state judicial process. The Court further finds that DA Duhé is absolutely immune from the claim brought against him. Plaintiff asserts Duhé "is liable as a Municipality where a policy or custom was created that lacked supervision and training for Assistant District Attorneys relative to prosecutorial conduct, ethics, and professionalism regarding evidence in all cases, Sanity Hearings, Brady Material, of which, if

---

[20] *Roberts v. Sewerage & Water Bd. of New Orleans*, 634 So.2d 341, 347 (La. 1994); *see also McLin v. Twenty-First Judicial Dist.*, 79 F.4th 411, 416 (5th Cir. 2023).
[21] *See* La. R.S. 28:25.1; La. R.S. 28:2(8), (40).
[22] La. R.S. 36:251(A); *see also* La. R.S. 36:4(A).
[23] *Darlak v. Bobear*, 814 F.2d 1055, 1060 (5th Cir. 1987); *Williams v. Joiner*, 62 F.3d 393 (5th Cir. 1995); *Pechon v. Louisiana Dep't of Health & Hosps.*, 368 Fed.Appx. 606, 608 (5th Cir. 2010); *Anyanwu v. Louisiana*, 18-cv-778, 2019 WL 3325809, *2 & n.2 (M.D.La. July 24, 2019).
[24] *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021).

training was made and upheld, egregious behavior would be found and corrected or punished."[25] Although this claim attacks the Iberia Parish District Attorney Office's administrative procedures, Duhé is nevertheless entitled to prosecutorial immunity because Plaintiff's claim "focus[es] upon a certain kind of administrative obligation—a kind that itself is directly connected with the conduct of a trial."[26] Accordingly, the claims against Lee and Duhé are dismissed with prejudice, as they are barred by prosecutorial immunity.

3. **Claims against Dr. F.T. Friedberg**

"[A] state prisoner seeking monetary damages cannot proceed under § 1983 if success on those claims would 'necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.'"[27] This prohibition continues until the conviction is reversed, expunged, or declared invalid.[28] Here, Plaintiff alleges Friedberg failed to comply with Louisiana procedural rules governing the procedure for determining whether a criminal defendant is mentally competent to stand trial, and that this failure resulted in a constitutionally deficient trial. Success on this claim would necessarily call into question the validity of Plaintiff's conviction and imprisonment. Accordingly, Plaintiff's claims against Dr. Friedberg will be dismissed with prejudice to their being asserted again until the *Heck* conditions are met.[29]

---

[25] ECF No. 29 at 16.
[26] *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Wooten v. Roach*, 964 F.3d 395, 410 (5th Cir. 2020).
[27] *Colvin v. LeBlanc*, 2 F.4th 494, 497 (5th Cir. 2021) (quoting *Heck v. Humphrey*, 512 U.S. 477, 490 (1994)).
[28] *Heck*, 512 U.S. at 487.
[29] In Plaintiff's Objection, he asks that the Court convert this matter to a habeas petition. ECF No. 66 at 10; *see also* ECF No. 75 at 10. The Court declines to do so. Conversion by this Court to habeas would be futile because Plaintiff has previously been denied habeas relief and has not been granted authorization from the Fifth Circuit to file a successive habeas petition. 28 U.S.C. § 2244(3); Rule 9, RULES GOVERNING § 2254 CASES; *see also Haynes v. Warden*, No. 01-cv-465 (W.D.La. May 14, 2001); *In re: Carroll Wayne Haynes*, No. 07-31145 (5th Cir. Jan. 29, 2008); *In re: Carroll Wayne Haynes*, No. 11-31037 (5th Cir. Dec. 7, 2011); *In re Carroll Wayne Hanes*, No. 22-30689 (5th Cir. Dec. 30, 2022).

**Conclusion**

For the reasons set forth in the portions of the Report and Recommendation adopted by the Court, as well as those set forth in this Ruling, the Court will issue an Judgment: (1) granting the Motion to Dismiss filed by Dr. F.T. Friedberg [ECF No. 37] and dismissing all claims against him with prejudice to their being asserted again until the *Heck* conditions are met; (2) granting the Motion to Dismiss filed by Feliciana Forensic Facility [ECF No. 41] and dismissing all claims against it without prejudice; and (3) granting the Motion to Dismiss filed by Ralph K. Lee and M. Bofill Duhé [ECF No. 49] and dismissing all claims against them with prejudice. The motion for leave to file a sur-reply will be denied.

THUS DONE in Chambers on this 28th day of November, 2023.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE